Fred LARSON, Appellant,

v.

STATE of Alaska, Appellee.

No. 4473.

Supreme Court of Alaska.

July 11, 1980.

David C. Backstrom, Deputy Public Defender, Fairbanks, Brian Shortell, Public Defender, Anchorage, for appellant.

Randy M. Olsen, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before RABINOWITZ, Chief Justice, CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

PER CURIAM.

Fred Larson was convicted by a jury in Fairbanks of burglary not in a dwelling and attempted petty larceny. The convictions arose from an incident that took place in the late evening of July 5, 1978, at a store and gas station at Mile 75 of the Elliott Highway, near Livengood, Alaska. The burglary conviction resulted from Larson's breaking into a cabin for storage and removing an old gas lantern. The attempted petty larceny conviction was the product of Larson's efforts at siphoning gas out of the store owners' truck. He was sentenced to five years on the burglary charge, with half of that time suspended, and to six months on the petty larceny charge. The two sentences were made to run concurrently, but consecutively to those imposed in any other case involving Larson.

Larson has appealed his conviction on the grounds that the trial court erred in denying his motion for acquittal on the petty larceny charge, that an instruction on aiding and abetting was too broad, and that testimony of a state trooper should not have been admitted because of *Miranda* vio-

lations. We have carefully examined these contentions in the light of the entire record and find no merit to any of them.

 Larson also appealed his sentence on the ground that it is too severe. The trial judge, in sentencing Larson, recognized that the burglary here, was not a "worst offense in the category." He nevertheless imposed a sentence of five years with two and one-half years suspended because of Larson's criminal record,[1] his perceived bad attitude, and the need to protect the public. The judge stated his belief that if Larson were released, he would soon be back before the court on another charge, because of his lack of respect for the property of others. In these circumstances, we cannot hold that the judge was clearly mistaken in imposing the sentence he did.[2]

The sentence is AFFIRMED.

BOOCHEVER, J., not participating.

---

[1.] The probation officer's report does not clearly set out Larson's criminal record. It appears that Larson has three misdemeanor convictions as an adult: two for joyriding, and one for defrauding an innkeeper. Larson was adjudicated a delinquent minor in 1971 and again, apparently, in 1973.

We take this occasion to urge that probation reports set out the defendant's prior record with greater clarity. We suggest the prior offenses be listed in order, beginning with the most recent. The nature of the offense should be listed together with the statute under which the defendant was charged. The disposition of the offense and the sentence imposed should follow. Any discussion by the probation officer may follow the orderly listing of the prior offenses.

[2.] *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970).